UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DONALD GREEN,<br><br>   Petitioner,<br><br>  v.<br><br>EDMUND G. BROWN, JR., Governor of the State of California,<br><br>   Respondent. | Case No. CV 15-05714-AG (AS)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

On July 28, 2015, Ronald Cecil Reeves ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus by Person in State Custody, purportedly pursuant to 28 U.S.C. § 2254 ("Petition") (Docket No. 1). The Petition raises the following grounds for federal habeas relief: (1) The Governor's reversal of the Board of Parole Hearing's 2013 decision to release Petitioner on parole violated Petitioner's federal and state constitutional rights to due

process ("The Governor Violated Petitioner's Liberty Interest in Parole"); (2) The Governor's decision to reverse the Board of Parole Hearing's decision to release Petitioner on parole was not supported by "some evidence," in violation of Petitioner's Fourteenth Amendment right to due process; and (3) "The minimum remedy in this case would be an order that [the] Court reinstate the Board's decision, and reverse the Governor's finding, absent [] 'new evidence' indicating a current and unreasonable risk of public safety." (Petition at 5-6(a) [7 pages], Petition Attachment[1] at 16-17, 35-43, 45-54, 56, 60-67).

## II. BACKGROUND[2]

On December 23, 1994, a Los Angeles County Superior Court jury found Petitioner guilty of second degree murder with a personal firearm use enhancement. On January 19, 1995, the trial court sentenced Petitioner to a total of 20 years to life. (See Petition at 2, Petition Attachment at 18). Plaintiff's minimum parole eligibility date was set as November 25, 2007. (See Petition Attachment at 26).

On December 18, 2013, the Board of Parole Hearings ("BPH") conducted Petitioner's parole suitability hearing.[3] The BPH found

---

[1] Since Petitioner's page numbering system for the Petition Attachment is confusing, the Court will use the page numbers as they appear in the Court's electronic docket.

[2] The background information is primarily taken from the Petition and the Petition Attachment.

[3] According to petitioner, he had prior parole consideration hearings in 2007 and 2012. (See Petition Attachment at 19).

1  Petitioner suitable for Parole.  The BPH's decision became final in
2  March 2014.  (See Petition Attachment at 19, 27).

4     On April 3, 2014, the Governor reversed the BPH's decision finding
5  Petitioner suitable for parole.  (See Petition Attachment at 19-20,
6  27).

8     On May 29, 2014, Petitioner filed a petition for writ of habeas
9  corpus with the Los Angeles County Superior Court, which was denied on
10 September 23, 2014.  (See Petition Attachment at 20, 26-34).[4]

12    On November 4, 2014, Petitioner filed a habeas petition with the
13 California Court of Appeal, which was summarily denied  on December 2,
14 2014. (See Petition Attachment at 20, 44, 46).[5]

---

[4]  Although Petitioner has not provided the Court with a copy of his Superior Court habeas petition, it appears that the claims alleged in that habeas Petition corresponded to the claims alleged in the instant Petition.

[5]  Petitioner has not provided the Court with a copy of his California Court of Appeal habeas petition.

On February 13, 2015,[6] Petitioner filed a habeas petition with the California Supreme Court, which was summarily denied on June 17, 2015. (See Petition Attachment at 20, 55).[7]

### III. DISCUSSION

When reviewing cases challenging parole suitability determinations, a federal court's decision regarding whether inmates denied parole received due process is limited to whether "[t]hey were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Swarthout v. Cooke, 562 U.S. 216, 220-22 (2011) ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures."); see also Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011)("There is no substantive due process right created by California's parole scheme.")

In Grounds One through Three, Petitioner contends, in essence, that the Governor's reversal of the BPH's 2013 decision finding him suitable for parole was improper since the BPH's decision was not based

---

[6] The Court takes judicial notice of the state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited July 31, 2015). The website provides inter alia the date on which Petitioner filed his habeas petition with the California Supreme Court and the date on which it was denied.

[7] Petitioner has not provided the Court with a copy of his California Supreme Court habeas petition.

4

on "some evidence" that he currently poses an unreasonable risk to public safety. (See Petition at 5-6(a) [7 pages], Petition Attachment at 16-17, 35-43, 45-54, 56, 60-67).

Petitioner's claims are not cognizable on federal habeas review because they solely involve the application and/or interpretation of state law. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, supra, 562 U.S. at 221-22 (2011) ("[I]t is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." . . . "Because the only federal right at issue is procedural, the relevant inquiry is what process [the prisoners] received, not whether the state court decided the case correctly."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997)("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus."); see also Williams v. Marshall, 468 Fed.Appx 752 (9th Cir. 2012)(denying habeas petition on the grounds that the petitioner only challenged the Governor's reversal of the Board of Prison terms decision finding the petitioner suitable for parole on substantive grounds).

**IV.  ORDER**

For the foregoing reasons, IT IS ORDERED THAT the Petition be dismissed with prejudice.

DATED: August 8, 2015

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented this 6th day of August, 2015, by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE